IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEANETTE HATCHER,                }
                                 }
    Plaintiff,                   }
                                 }       CIVIL ACTION NO.
v.                               }       03-AR-0841-S
                                 }
BEN TAMBURELLO,                  }
                                 }
    Defendant.                   }
                                 }

**ENTERED**
**MAR 31 2004**

### MEMORANDUM OPINION

Before the court is the motion for summary judgment filed on February 13, 2004 by defendant, Ben Tamburello ("Tamburello"). Plaintiff, Jeanette Hatcher ("Hatcher"), brings claims for race discrimination pursuant to 42 U.S.C. § 1981 against Tamburello. She alleges that she was paid less than similarly situated employees who were outside her protected class. Tamburello argues that he had a legitimate, nondiscriminatory reason for the pay disparity between Hatcher and the similarly situated employee.

### Summary Judgment Facts

Tamburello, who is white, is a licensed insurance agent who owns a State Farm agency. He hired Hatcher, who is black, to work for him as a staff assistant beginning June 11, 2002. Hatcher had worked in the insurance industry since 1990, when she dropped out of George C. Wallace Community College. However, she had never worked with State Farm policies. Tamburello started Hatcher at

$24,000 per year because she was not fully licensed and had no State Farm experience. He also was concerned that her poor credit history might impede her attempt to receive certification with State Farm.

In October 2002, Tamburello hired another staff assistant, Nathalie Phillips, to replace an assistant who left. The annual salary for Phillips, who is white, began at $25,000 per year. Phillips was a graduate of Mississippi Gulf Coast Community College ("MGCCC") and the University of Alabama at Birmingham ("UAB"). Although her degrees were in paralegal studies and education, respectively, she had received high marks at both colleges. Additionally, she had worked for another State Farm agent prior to graduating from MGCCC.

On October 14, 2002, Tamburello conducted a performance review of Hatcher. He gave her an overall rating of excellent, but suggested areas for improvement. Although Hatcher had requested a raise, her salary remained the same. On February 17, 2003, Hatcher resigned citing inadequate pay and "promises [] made but [not] kept."

## Standard of Review

Rule 56, F.R.Civ.P., provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." In deciding a summary-judgment motion, the court must view all the evidence and any reasonable factual inferences in the light most favorable to the nonmoving party. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1310 (11th Cir. 2002). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and demonstrate specific facts showing that there is a genuine issue for trial with regard to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### Analysis

Whether an employment decision is made "because of" race in "mixed-motive" cases, *i.e.*, where both legitimate and illegitimate reasons may have motivated the decision, requires application of the burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Cf. *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 843 n.11 (11th Cir. 2000)(stating that "[t]he elements of a claim of race discrimination under 42 U.S.C. § 1981 are also the same as a Title VII disparate treatment claim in the employment context."). First, plaintiff must raise an inference of discrimination by establishing a *prima facie* case. *Batey v. Stone*, 24 F.3d 1330,

1333 (11th Cir. 1994). Once plaintiff establishes a *prima facie* case, the burden shifts, and defendant must proffer a legitimate, nondiscriminatory reason for the adverse employment action. *Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994). Plaintiff can survive summary judgment by then proffering evidence "to permit a reasonable fact finder to conclude that the employer's proffered non-discriminatory reasons were not what actually motivated its conduct." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1024-25 (11th Cir.2000) (en banc); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000).

Tamburello concedes that Hatcher has established a *prima facie* case, but he articulates a legitimate, nondiscriminatory reason for the pay disparity -- college education. Hatcher offers no additional evidence of discrimination, direct or indirect. However, she reads the Eleventh Circuit's decisions in *Combs* and *Batey v. Stone*, 24 F.3d 1330 (11th Cir. 1994), to mean that whenever "an inference of improper motive can be drawn," summary judgment is improper. Of course, a *prima facie* case establishes a circumstantial inference of discrimination. Under Hatcher's reasoning, the analysis would end here: "the lack of evidence presented by [Tamburello] to support his justification for the disparity in pay [makes] it obvious that the reason given ... in

this case was pretext." Fortunately for Tamburello, Hatcher's analysis is not the law in the Eleventh Circuit.

In *Combs*, the Eleventh Circuit also stated that a plaintiff "may not establish that an employer's proffered reason in pretextual merely by questioning the wisdom of the employer's reasons." 106 F.3d at 1543. Federal courts do not sit as "super-personnel department[s]" to adjudge whether an employer's decision is prudent or fair. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000). Nor does an employee's own subjective opinion as to her relative qualifications give rise to a dispute of material fact. *Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000). Tamburello has decided that a successful educational background is worth $1,000 more per year than twelve-years experience in the insurance industry. The court does not sit to resolve the wisdom or accuracy of Tamburello's conclusion. *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002). The only question is whether discriminatory animus motivated Tamburello's decision. *Id*. Hatcher offers nothing to rebut Tamburello's proffered reason but her conclusory statement that "it is obvious that the reason given by [Tamburello] ... was pretext." This argument is insufficient to overcome summary judgment.

DONE this 31st day of March, 2004.

*William M Acker*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE